GARY L. RAINSDON
BANKRUPTCY TRUSTEE
P.O. BOX 506
TWIN FALLS, ID  83303
PHONE:  (208) 734-1180
FAX:  (208) 734-2783
trustee@filertel.com

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | CHAPTER 12 |
| JLJ FARMS, LLC, | ) | |
| | ) | CASE NO. 20-00713-TLM |
| | ) | |
| Debtor. | ) | |

**Chapter 12 Standing Trustee's Recommendation on Motion Seeking Interim and Final Authority to Use Cash Collateral and Application for Authority to Grant Lien and other Relief; and Notice of Time for Objections**

1. **Summary Recommendation** – The Chapter 12 Trustee will recommend approval of interim use of cash collateral through September 22, 2020, as identified in Debtors' Motion Seeking Interim and Final Authority to Use Cash Collateral and Application for Authority to Grant Lien and other Relief; and Notice of Time for Objections ("Motion"). See Docket No. 16.

    a. Trustee understands Zions Bank, the creditor claiming a first lien on Debtor's crops and equipment, will not oppose interim use of cash collateral in amounts and under conditions to be addressed at the hearing scheduled for August 17, 2020.

    b. Trustee understands Debtor is not seeking authority to pay post-petition taxes or to honor pre-petition checks. See Docket No. 16, at page 1.

    c. Trustee understands Debtor has a crop in the field which needs cared for to avoid irreparable harm, and that some expenses need to be paid prior to the time scheduled for the final hearing on cash collateral.

1

    d. Based on the schedules filed by Debtor, Trustee believes secured creditors are adequately covered by collateral to the extent liens are properly perfected, and interim use of cash collateral, under an approved budget should provide new value from a maturing crop to offset the cash collateral used.

2. **Eligibility** – Trustee has not yet received copies of the financial documents necessary to determine if Debtor is eligible to be a Debtor in Chapter 12, but has not seen anything so far which would disqualify Debtor.

3. **Feasibility** – The interim budget request is small in comparison to the projected income.

4. **Liquidation Analysis** – Debtor represents that sufficient assets exist to provide payment in full of all debts.

5. **Monthly Reports** – No Monthly Reports are due yet.

6. **Property Insurance Coverage** – Debtor has not yet provided documentation of insurance coverage on equipment and buildings. Proof of insurance should be a condition of use of cash collateral.

7. **Creditor Objection** – At this time, no creditor has objected to the motion. Trustee understands Zions Bank will support interim use of cash collateral under typical conditions.

Dated: August 15, 2020.

                                                        /s/
                                                        Gary L. Rainsdon, Trustee

# **CERTIFICATE OF MAILING**

    I hereby certify that on August 15, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- Patrick John Geile    pgeile@foleyfreeman.com, abennett@foleyfreeman.com;r59345@notify.bestcase.com
- David Henry Leigh    dleigh@rqn.com, swilliams@rqn.com;docket@rqn.com
- Michael D Mayfield    mmayfield@rqn.com
- US Trustee    ustp.region18.bs.ecf@usdoj.gov

    AND I FURTHER CERTIFY that on such date, I served the foregoing on the following non- CM/ECF Registered Participants in the manner indicated:

First Class Mail:

JLJ Farms, LLC
29862 Emmett Road
Caldwell, ID  83607

Via certified mail, return receipt requested, addressed as follows:

None

                                         By: /s/ _____
                                                 Gary L. Rainsdon, Trustee